INZER, Justice.
This is an appeal from a decree of the Chancery Court of Forrest County pursuant to an enforcement proceeding under the Milk Products Sales Act of Mississippi. The chancellor ordered that the appellants be enjoined from further violation of Mississippi Code 1942 Annotated Sections 4560-104 and 4560-106 (Supp.1966) regulating the pricing of perishable fresh milk products. The chancellor also awarded the state a money decree for the costs of investigation and the fees of the special assistant attorney general. We affirm.
The appellants, J. L. McCaffrey, Sr. and Charles N. McCaffrey, are owners of Mc-Caffrey Food Market, Inc. of Hattiesburg and certain other unincorporated food markets in Ellisville and Columbia. All of these establishments are engaged_ in the business of selling perishable fresh milk products and are licensed to do so under the laws of Mississippi.
Mississippi Code 1942 Annotated Sections 4560-101 and through 4560-124 (Supp.1966), known as the Milk Products Sales Act, prohibit the sale of fresh milk products below cost by either the retailer or processor with the intent or effect of injurying competitors. “Cost” as used in the statute is defined as follows:
(a) The cost below which perishable fresh milk products shall not be offered for sale, advertised for sale or sold by any person at wholesale or retail with intent or with the effect of injuring competitors or destroying or substantially lessening competition, shall be the basic cost as provided herein of raw or recombined milk which is processed, plus any added ingredients, or the basic cost as provided herein of the butterfat and milk solids not fat, and other ingredients of the perishable fresh milk products, plus, in either case, the cost of doing business by the person selling same at wholesale or retail as evidence by the standards and methods of accounting regularly employed by him, which cost of doing business shall be allocated proportionately to each unit of the products sold as it pertains to the specific item sold, and must include without limitation labor costs (including salaries of executives and officers); costs of receiving, cooling processing, manufacturing and storing the products sold; rent, depreciation, selling costs, maintenance of plant and equipment, delivery costs, all types of licenses, taxes, insurance, advertising, and all other costs of doing business. The unit cost for perishable fresh milk products as computed hereunder shall be based on average cost for the person selling same at wholesale or retail during the previous twelve (12) months, except that the cost of raw products shall not be less than the cost as hereinafter provided. In the event that the person selling such perishable fresh milk products at wholesale or retail has been in business less than twelve (12) months, his cost shall be presumed to be not less than the lowest price for his trade area as evidenced by prices on file with the commissioner as hereinafter provided. In the absence of proof by a retailer of his actual cost of doing business as provided herein, his cost of doing business shall be presumed to be ten per cent (10|%) of the invoice cost paid by such retailer for perishable fresh milk products, when such products are displayed in cabinets owned and serviced by the manufacturer, wholesaler, or distributor of such perishable fresh milk products, and shall be presumed to be fifteen per cent (15%) of *828 the invoice cost of perishable fresh milk products, when the retailer owns and services either the display cabinets or the instore storage for maintaining such perishable fresh milk products and the cost below which such retailer shall not offer for sale, advertise for sale or sell said perishable fresh milk products shall be calculated by adding to said invoice cost, the applicable ten per cent (10%) or fifteen per cent (15%) thereof, and such price shall be calculated to the nearest one half cent on each sales unit. (§ 4560-106, supra).
Sometime after September 19, 1967, the Commissioner of Agriculture determined that the appellants were selling and offering for sale certain fresh milk products at a price below the minimum set by the Milk Products Sales Act. On October 5, 1967, the Commissioner, through his employees gave the Appellants an opportunity to sign a cease and desist agreement pursuant to the provisions of Section 4560-118(b). Appellants refused to sign and suit was instituted under Section 4560-118(c) to compel compliance with the statute.
In September of 1967 the appellants began purchasing a brand of ice cream and ice milk from a corporation in Memphis. Under their arrangement the processor delivered these products to a large refrigeration unit at the Hattiesburg store. Appellants then made their own distribution to their various stores. At all of these stores the refrigeration display units were owned and serviced by the appellants and they were responsible for filling the units with this brand of milk products.
At the trial the state proved that appellants were selling this brand of milk products below a fifteen percent mark up on their invoice price and below its general cost of doing business which was 18.313 percent. The appellants attempted to prove their cost of doing business peculiar to their owning and servicing the refrigeration display units relying on the ten percent presumption applicable to retailers not owning their own equipment. The chancellor refused to accept this as proof of costs meeting the requirements set out in Section 4560-106. We are in accord with the trial court’s interpretation of the statute. The statute establishes presumptions which are available when there is no actual proof of costs. These are rebuttable presumptions and the retailer at the trial can prove his actual cost and that his sale price is not below that figure. If he does so he will prevail. In order to rebut the presumptions, however, the proof must be made in accordance with the requirements of the statute. The presumptions are separate and there is no indication the legislature intended them as cumulative or interchangeable. The appellants in order to prevail had to rebut the fifteen percent presumption with proof of their actual costs under the method required by the statute and this they failed to do.
It is contended by the state that the only proper costs which can be proved are the general costs of doing business. Although it is not determinative in this case since no costs whatsoever were properly proved, we cannot agree with the state’s contention. According to Section 4560-106 the cost below which a retailer cannot sell is the cost of the processed milk product plus “the cost of doing business by the person selling same * * * ” and the cost shall be “allocated proportionately to each unit of the products sold as it pertains to the specific item sold * * It is clear that this means that a retailer can, if he is able, prove the cost of doing business in the particular item he is accused of underpricing, so long as he does so following the method laid out in the statute. The presumption would be rebutted if the retailer proved that his general cost of doing business or his cost of selling milk products was lower than the presumption but he could go further and prove the actual cost of selling that particular item.
*829 The appellants could not prove the cost of selling a particular brand if they had been handling it for less than the twelve month period required by the act, however, no question has been raised concerning the “new business” presumption set out in Section 4560-106 and so we do not consider it here.
The appellants raise the question of the constitutionality of the Milk Products Act but since no new authorities or arguments are presented, our opinion in State ex rel. Patterson v. Pure Vac Dairy Products, Corp., 251 Miss. 457, 170 So.2d 274 (1964) upholding the general constitutionality of the act is controlling. Neither is there any merit in appellants’ contention that Section 4560-118 violates the Constitution of the State of Mississippi and the Constitution of the United States. Section 4560-118(d) provides when the Court finds a person is in violation of the act then the Court shall enjoin or restrain and otherwise prohibit such violation and tax against the defendant the cost of suit and the cost of investigation by the Commissioner and when the Attorney General has employed an assistant attorney general for the purpose of bringing the suit, the Court shall determine a reasonable attorney’s fee to be recovered by the State and shall tax the same against the defendant.
Appellants argue that the provision relative to cost of investigation and attorney fees is unconstitutional because, among other reasons, it does not provide for recovery of costs of investigation and attorney fees by a person charged with a violation when he is the successful party in such a suit. This is not a suit between private litigants. It is a suit brought by a state official to compel appellants to comply with the regulations enacted by the legislature under its police powers in the public interest. Appellants cite no authority to support their argument and we have found none to support their contention. There are many similar statutes providing for attorney fees to be recovered by the enforcing agency of the State and Federal Governments and none insofar as we are aware have been held unconstitutional.
We find no merit in the other errors assigned and for the reasons stated this case is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.